McCarron v. The People.

---

SUPREME COURT. Oswego General Term, April, 1855.
*Pratt, W. F. Allen* and *Bacon, Justices.*

JOHN McCARRON pl'ff in error *vs.* THE PEOPLE def'ts in error.

It is not error for a Justice of the Supreme Court to preside at the Oyer and Terminer, during the year in which he is a Judge of the Court of Appeals.

Although he is a Judge of the Court of Appeals, he is also still a Justice of the Supreme Court, and may exercise all the powers and discharge all the duties of a Justice of the Supreme Court.

This was a writ of error to the Oneida Oyer and Terminer. The prisoner had been tried and convicted of murder in that court and had been sentenced to be executed. The indictment had been found in the Court of Sessions and sent to the Oyer and Terminer for trial. On the trial, which took place in October, 1854, the Hon. William F. Allen, one of the Justices of the Supreme Court presided, and passed sentence of death on the prisoner, after his conviction. During the year 1854 Judge Allen was a Judge of the Court of Appeals.

*J. A. Spencer,* for the plaintiff in error.

I. Courts of Oyer and Terminer can only be held by a Justice of the Supreme Court, the County Judge and the two Justices designated by law, or any three of them, of whom a Justice of the Supreme Court must always be one. (2 *R. S.* 377, § 9, *4th ed.*)

II. The offices of "Judge of the Court of Appeals" and of "Justice of the Supreme Court," are distinct and separate offices, charged with duties alike distinct and separate; requiring the whole time of each officer for the proper discharge of his duties. Those "selected" from the Supreme Court are as much and exclusively Judges of the Court of Appeals, for the time being, as are those "elected" by the electors of the State. If neither of the four judges "elected" can discharge the duties of a Justice of the Supreme Court, then it is submitted that neither of the four judges "selected" from the class of Justices of the Supreme Court having the shortest time to serve, can discharge those duties.

They are *selected from*, *taken out* of, the Supreme Court, and placed in another court. Taken from one office and put in another — relieved from one duty and charged with another — shorn of one power and clothed with another.

"The Judges of the Court of Appeals and Justices of the Supreme Court shall not hold any other office or public trust." (*Const. art.* 6, § 8.)

"The court for the trial of impeachments shall be composed of the President of the Senate, the Senators, or a major part of them, and the Judges of the Court of Appeals, or the major part of them." (*Const. art.* 6, § 1.)

The judges "selected" are members of this high court.

"There shall be a Court of Appeals composed of eight judges, of whom four shall be *elected* by the electors of the state for eight years, and four selected from the class of Justices of the Supreme Court having the shortest time to serve." (*Const. art.* 6, § 2.)

Here is *one court*, created, constituted, composed of *eight officers*, forming one body, set apart by different methods, each equally efficacious, and producing the same things — court offices, officers for the same duty and object. How can any sensible distinction be made? This court is exclusively appellate in its jurisdiction; while the Supreme Court has general original jurisdiction in law and equity. (*Const. art.* 6, § 3.)

The seventh section of the same article provides for the com-

pensation of the Judges of the Court of Appeals and Justices of the Supreme Court. Suppose the law provided that the Judges of the Court of Appeals should annually receive $3,500, and the Justices of the Supreme Court $3,000, would any one say that the eight Judges of the Court of Appeals should not each receive an equal amount?

If they be at the *same time* Judges of the Court of Appeals and Justices of the Supreme Court, why are they not entitled to compensation in both? Why, would they not hold more than one office at the same time, in violation of the eighth section already cited?

The sixth section of the same article is somewhat obscurely worded, but it is submitted that the ellipsis, " who is not a Judge of the Court of Appeals," should be supplied in every following member of the section, and then its reading will be clear and consistent, and in harmony with all other provisions of the article. If this be not the true reading, then will be found the absurd provision, that an officer who has served the longest and has the largest experience, and at the same time fills another office of higher dignity, is to be presided over by a junior and inferior officer.

Suppose a Judge of the Court of Appeals " selected " from the Justices of the Supreme Court, should be removed by concurrent resolution of both houses of the Legislature, pursuant to the eleventh section of this article, would it not be from the office he filled at the time of the action of the removing power? It may be that the removal would be held to vacate both offices, but it is submitted that the record of such action would show him removed from the office of " Judge of the Court of Appeals " held at the time.

But little light is thrown upon the question involved by the legislation for the execution of the Constitution.

The fourth section of the Judiciary Act of 1847, (*Laws of 1847, p.* 320,) provides for the election of Judges of the Court of Appeals and their classification and term of office. The fifth section declares who shall be " chief judge." The sixth

section provides for the selection of four Justices of the Supreme Court every year, and that "*they shall enter upon their duties as Judges of the Court of Appeals on the first day of January, and serve as judges of said Court one year*." And provides also that " six Judges of the Court of Appeals shall be necessary to constitute a quorum for holding any term of said court."

This legislation distinctly recognizes the four " selected " officers as Judges of the Court of Appeals 'and makes the presence of at least two necessary to its jurisdiction. It is certainly true that the class of men is small from which this " selection " is to be made, and that to be eligible they must hold a particular office; in other words, possess certain qualifications; but this involves no other principle than do the provisions of the' United States Constitution prescribing the age and other qualifications for Representatives, Senators and President. When properly " selected," it is equivalent to an election, appointment, &c., and his powers and duties are exactly equivalent to those of the " elected " judges with a single exception — that of presiding in the court. He then holds an office, and can hold no other.

The fifteenth section of said act (*p*. 323,) provides for a presiding justice of the Supreme Court, and in the language of the constitution excludes one who is a judge of the Court of Appeals and other classes. Here, again, he is called a *" judge of the Court of Appeals*," and it makes one of the next class a " justice having the shortest time to serve in that court," while the other is out of it.

It is, therefore, with great respect for the doubtful impressions and practice to the contrary, submitted that " *Judge* " Allen had no jurisdiction to hold the Court of Oyer and Terminer for the trial of the plaintiff in error, and that therefore the trial, conviction and judgment are void, and should be reversed.

*H. T. Utley*, (District Attorney,) for the people.

I. Any one of the justices of the Supreme Court, may hold courts of Oyer and Terminer.

" Any one of the justices of the Supreme Court may preside in courts of Oyer and Terminer in any county." (Const. Art. 6, § 6.)

" Each justice of the Supreme Court shall have power to hold any Circuit Court, and to preside in any court of Oyer and Terminer in this state, either for the whole time for which such court shall continue, or for any part of that time." (2 R. S. § 4, page 376, 4th ed.)

" Courts of Oyer and Terminer of the respective counties, except in the city and county of New York, shall be composed of a justice of the Supreme Court, who shall preside, and the county judge and the justices of the peace, designated as members of the Court of Sessions; and the presiding justice and any two of other officers above mentioned, shall have power to hold said court." (Sec. 38, ch. 280, 1847; 2 R. S. § 9, page 377, 4th ed.)

II. The Court of Appeals shall be composed of eight judges, of whom four shall be elected by the electors of the state for eight years, and four selected from the class of justices of the Supreme Court, having the shortest time to serve. (Const. art. 6, § 2.)

" Four justices of the Supreme Court to be judges·of the Court of Appeals, shall every year be selected from the class of said justices having the shortest time to serve; and alternately, first from the first, third, fifth and seventh judicial districts, and then from the second, fourth, sixth and eighth judicial districts, and shall enter upon their duties as judges of the Court of Appeals, on the first day of January, and serve as judges of that court one year." (Sec. 6, ch. 280, 1847; 2 R. S. § 5, pages 311–12.)

In providing for justices of the Supreme Court, being " selected " to act as judges of the Court of Appeals, the constitution does not contemplate depriving the justices to be selected of their original jurisdiction as such justices, while acting as judges of the Court of Appeals. On the contrary, the consti-

tution expressly recognizes the judges of the Court of Appeals, selected from the justices of the Supreme Court, as being clothed with the power, and with a single exception, possessed of all the rights of such justices still, while acting as judges of the Court of Appeals.

" The state shall be divided into eight judicial districts. There shall be four justices of the Supreme Court in each dis trict." (*Const. art.* 6, § 4.)

" Provision may be made by law for designating from time to time, one or more of the said justices, *who is not a judge of the Court of Appeals*, to preside at the general terms of the said court, to be held in the several districts. Any three or more of the said justices, of whom one of the said justices so designated, shall always be one, may hold such general terms. And any one or more of the justices may hold special terms and Circuit Courts, and any one of them may preside in courts of Oyer and Terminer in any county." (*Const. art.* 6, § 6.)

" The justice of the Supreme Court, in each judicial district, having the shortest time to serve, *and who is not a judge of the Court of Appeals*, nor appointed or elected to fill a vacancy in the first class, shall be a presiding justice in the Supreme Court." (*Sess. Laws*, 1847, *ch.* 280, § 15, *as amended*, 1848, *ch.* 170.)

By the foregoing provisions of the constitution, the justices who are authorized to hold general and special terms of the Supreme Court and Circuit Courts, " and to preside in courts of Oyer and Terminer in any county," are those whose number and whose elections are provided for in sections 4 and 12 of art. 6 of the constitution; and the only power taken from them as such justices, either by the constitution or statute law, is the right to preside at the general terms, while judge of the Court of Appeals. A justice of the Supreme Court, selected to be a judge of the Court of Appeals, does not " hold any other office or trust," than that of such justice, while discharging the duties of a judge of the Court of Appeals.

Justices of the Supreme Court can not be divested of the power and authority conferred upon them by the constitution

and statute law, without some positive and affirmative enact-
ment. Whenever any justice of the Supreme Court is selected
to be a judge of the Court of Appeals, he is thus made such
judge *ex officio;* and while serving in that court as one of its
judges, he performs in fact, thereby, one of the duties of a jus-
tice of the Supreme Court.

Every justice, before he enters upon the discharge of the
duties of his office, takes the constitutional oath required of him,
which is to discharge the duties of the office of justice of the
Supreme Court. And when such justice is selected to be a
judge of the Court of Appeals, no oath is required of, or taken
by him, as a judge of that court; but he acts in that court,
under the constitutional oath taken by him, as a justice of the
Supreme Court.

If he is taken out of the Supreme Court, and placed in the
Court of Appeals, and thus made a judge of the Court of Ap-
peals in fact, he would be required to take the constitutional
oath of a judge of that court, before he entered upon the dis-
charge of his duties as such judge. Again, if he were taken
out of the Supreme Court, he could not be placed back, without
being selected, appointed or elected.

Should the office of any Justice of the Supreme Court become
vacant before the expiration of the regular term for which he
was elected, and while acting as a judge of the Court of Ap-
peals, the vacancy would be filled by the appointment of a jus-
tice of the Supreme Court for the unexpired term, and not by
the appointment of a judge of the Court of Appeals. (*Const.
art.* 6, § 13.)

If Justice Allen, who presided at the said court of Oyer and
Terminer, became exclusively a judge of the Court of Appeals,
when selected, his office of justice thereby became vacant, and
might have been filled by appointment.

Again, had Justice Allen resigned the office of judge of the
Court of Appeals, while acting in that court, it is submitted
that such resignation would not have caused any vacancy in
his office. The legislature regards the justices of the Supreme
Court as such justices during the entire term for which they are

elected. It annually appropriates $10,000 for salaries of four judges of the Court of Appeals, and $82,500 for salaries of thirty-three justices of the Supreme Court; thus specifying the sum apportioned and the object to which it is to be applied, as required by the constitution. (*Const. art.* 7, § 8; *Sess. Laws,* 1853, *p.* 417; *id.* 1854, *p.* 621.)

The late court for the correction of errors consisted of the president of the senate, the senators, the chancellor and the justices of the Supreme Court. (2 *R. S.* 93, 2*d ed.; 2 Wend.* 218.)

Those officers did not lose the power or jurisdiction of the respective offices to which they were elected or appointed, on becoming members of the court for the correction of errors. Each continued to perform the duties of the office to which he was elected or appointed, while acting as a member of that court. The late constitution, under which they held their respective offices, prohibited the justices of the Supreme Court " holding any other office or public trust." (*Const.* 1822, *art.* 5, § 7.)

The court for the trial of impeachments is a court of record, having original jurisdiction not possessed by any other court in the state. This court is composed of the president of the senate, the senators, or a major part of them, and the judges of the Court of Appeals, or the major part of them. (*Const. art.* 6, § 1; 2 *R. S.* 347.)

The judges of the Court of Appeals, and the senators, become members of the court for the trial of impeachments, *ex officio,* in the same manner as the justices of the Supreme Court, selected, become judges of the Court of Appeals. The justices of the Supreme Court, selected, on becoming judges of the Court of Appeals, do not lose their original powers as such justices, any more than the judges of the Court of Appeals and the senators lose theirs, on becoming members of the court for the trial of impeachments.

The seventh section of article six of the constitution, provides that the judges of the Court of Appeals and justices of the Supreme Court, shall severally receive at stated times for their

services, a compensation to be established by law. It is submitted that by this provision the salary of judges of the Court of Appeals and justices of the Supreme Court, severally, must be equal in amount.

But suppose the compensation of judges of the Court of Appeals, could be and were established at $3000, and of the justices of the Supreme Court at $2500 annually. A justice of the Supreme Court, under such a law, would not be entitled to $3000 for his services as judge of the Court of Appeals, any more than a judge of the Court of Appeals would be restricted to the compensation of a senator, which is $3 per day, while sitting as a member of the court for the trial of impeachments.

The judges of the Court of Appeals, who are such in fact, are elected by the electors of the state; and without such election, or an appointment by the governor to fill a vacancy, a judge of the Court of Appeals can not be made.

" The judges of the Court of Appeals shall be elected by the electors of the state, and the justices of the Supreme Court by the electors of the several judicial districts, at such times as may be prescribed by law." (*Const. art.* 6, § 12 *and* 13.)

It is therefore submitted that Justice Allen, who was a judge of the Court of Appeals, selected from the fifth judicial district, at the time of holding the court of Oyer and Terminer aforesaid, was in fact a justice of the Supreme Court by virtue of his election as such, and had jurisdiction to preside at said court of Oyer and Terminer; and the trial and conviction of the plaintiff in error by such court was valid.

*By the Court,* PRATT, J.—The constitution in creating and organizing the Court of Appeals, provides that it shall be composed of eight judges, four of whom shall be elected by the people directly, as judges of that court; and four shall be selected from the class of justices of the Supreme Court having the shortest time to serve. The judiciary act provides that the justices of the Supreme Court, selected to be judges of the Court of Appeals, shall enter upon their duties as such judges on the first day of January, and serve as such one year. It is

insisted on the part of the plaintiff in error, that during such year, the justice of the Supreme Court, thus selected, has no jurisdiction to perform any of the duties of a justice of the Supreme Court; that during the time he is authorized to act as judge of the Court of Appeals, his powers as a justice of the Supreme Court are suspended. I do not find any authority for this proposition, either in the constitution or statutes of the state.

· *First.*—It is as justice of the Supreme Court, that he is entitled to act as judge of the Court of Appeals. To sit as judge of that court during the year designated by the statute, is as clearly one of the duties cast upon him as a justice of the Supreme Court, as to preside in a Court of Oyer and Terminer. The one is a court superior and the other inferior to the Supreme Court; but the constitution and statutes make it, nevertheless, the duty of justices of the Supreme Court, under certain circumstances, to act as judges in either court, and the performance of such duty does not suspend or impair their jurisdiction to perform the other duties which the law imposes upon them. Although judge of the Court of Appeals, he does not cease to be justice of the Supreme Court, with all the powers attached to that office, and amenable to the laws as such. His power to act as judge of the former court is one of the attributes of the office of justice of the Supreme Court. Suppose he should resign while thus acting as judge of the Court of Appeals? He could not resign that office, because that is not the office which he holds or to which he was elected, but simply a duty pertaining to his office. He must resign, if at all, the office of justice of the Supreme Court, and that would carry with it the right to sit as judge of the Court of Appeals. So, in filling the vacancy, the governor would not appoint a judge of the Court of Appeals, but a justice of the Supreme Court, and after qualifying as such, the appointee might take his seat in the former court.

Again: he could not be impeached as judge of the Court of Appeals. He might as well be impeached as a judge of a court of Oyer and Terminer. If impeached at all, he must be

McCarron *v.* The People.

impeached as a justice of the Supreme Court, although the particular dereliction in office specified might be mal-conduct as judge of the Court of Appeals or as judge of a court of Oyer and Terminer.

In fine, he takes the oath of office as justice of the Supreme Court, receives his salary as such, and all the powers and duties conferred upon him, in whatever court to be performed, are powers and duties appertaining to that office. They rest upon him so long as he holds that office, and no longer; and I do not perceive how the discharge of the one affects the jurisdiction to discharge the others. They are simply an accumulation of duties cast upon a class of public officers by the law, somewhat various and diversified in their nature and character, but not necessarily inconsistent with each other.

*Secondly.*—The language of the constitution, prescribing the various duties of Justices of the Supreme Court, raises a strong implication that it was not the design of the framers of that instrument that their ordinary powers should be suspended while acting as judges of the Court of Appeals: " provision may be made by law for designating, from time to time, one or more of the said justices, who is not a judge of the Court of Appeals, to preside at the general terms of the said court to be held in the several districts. Any three or more of the said justices, of whom one of the said justies so designated shall always be one, may hold such general terms. And any one or more of the justices may hold special terms and Circuit Courts, and any one of them may preside in courts of Oyer and Ter-miner." (*Constitution, art. VI. sec.* 6.)

By this section, the presiding justices at general terms in the Supreme Court, are not to be judges of the Court of Appeals; but no restriction or limitation is imposed in regard to the performance of any other duty. " Any one of them may preside in courts of Oyer and Terminer." The broad terms here used in connection with the restriction in regard to the justices who are to preside at general terms, precludes the idea that the same restriction was designed to be extended to jus-

tices presiding in courts of Oyer and Terminer. *Expressio unius est exclusio alterius.*

*Thirdly.*—This limitation of power is clearly not found in the general scope of the constitution, as developed in the powers and duties appertaining to other judicial officers. The judges of the Court of Appeals are also judges of the court for the trial of impeachments, when that court is in session; yet they do not, while acting as judges of the latter court, lose any of their powers as judges of the former court. Neither do the senators, while acting judges of that court, cease to be senators.

County judges are not only judges of the County Courts, in their respective counties, but they are judges in the courts of Oyer and Terminer and of Sessions in their counties, and in some counties surrogates. The discharge of judicial duty in one court, by no means suspends their power to act as judges of other courts.

An example, still more analagous, may be found in the selection of justices of the peace, through the medium of an election to act as judges of the courts of Oyer and Terminer and of Sessions in the several counties. Although, by this selection, they become in name and in fact, judges in those courts, still their power to act as justices of the peace and to hold justice's courts, is not thereby suspended. Various other examples might be cited, both under the old constitution and the new, of judicial officers being required to act as judges in different courts; but I have been unable to find any case in which the performance of duty in one capacity, suspends the power to act in others, in the absence of any special provision limiting their powers.

It is evident, therefore, that a justice of the Supreme Court, while a judge of the Court of Appeals, is not deprived of his jurisdiction to preside in a court of Oyer and Terminer, or to discharge any of the ordinary duties appertaining to that office. The judgment of the court of Oyer and Terminer must be affirmed.